# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **TYWON HENDERSON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 14 C 3147 |
| | ) |
| **COOK COUNTY, ILLINOIS**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Tywon Henderson ("Henderson") has submitted a self-prepared 42 U.S.C. § 1983 Complaint, employing the printed form provided by the Clerk's Office and setting out his claim in a detailed hand-printed narrative. Although Henderson lists Cook County, its Sheriff Tom Dart and a Cook County Department of Corrections ("County Jail") correctional officer McGee ("McGee") as defendants, Cook County is not an appropriate target of his claim, while Sheriff Dart's potential liability would depend on Monell considerations and McGee's liability flows from Henderson's allegations as to the facts (which must be accepted as true for purposes of the present opinion). In all events Henderson's extraordinarily distressing recital provides him potential entry to this District Court.

At the threshold the Complaint raises a question as to whether Henderson has satisfied the precondition to suit set out at 42 U.S.C. § 1997e(a), which requires the exhaustion of available administrative remedies. Nothing is alleged in the Complaint in that respect, but the issue can more likely be addressed appropriately by a professional -- a lawyer -- rather than by Henderson himself. Accordingly this Court grants Henderson's Motion for Appointment of

Counsel (also submitted on a Clerk's-Office-supplied form) and has obtained the name of this member of the trial bar to represent Henderson pro bono publico:

> Mark E. Christensen
> Christensen & Ehret
> 135 South LaSalle Street
> Suite 4200
> Chicago, IL 60603
> (312) 634-1014
> Email: mchristensen@christensenlaw.com.

One other matter needs to be addressed at the outset: the treatment of Henderson's In Forma Pauperis Application ("Application"), also submitted on a Clerk's-Office-supplied form. In that respect the printout that Henderson has submitted together with the Application -- a printout that reflects the transactions in his trust fund account at the County Jail -- reveals that the average monthly deposits to that account during the six-month period before the Complaint's filing date (determined in accordance with the "mailbox rule" established by <u>Houston v. Lack</u>, 487 U.S. 266 (1988)), as called for by 28 U.S.C. § 1915(a)(2), came to $138.33, 20% of which (<u>id</u>.) is $27.67. Accordingly the Application is granted, Henderson is assessed an initial partial filing fee of $27.67, and the County Jail trust fund officer is ordered to collect that amount from Henderson's trust fund account there and to pay it directly to the Clerk of Court ("Clerk"):

> Office of the Clerk
> United States District Court
> 219 South Dearborn Street
> Chicago IL 60604
>
> Attention: Fiscal Department

After such payment the trust fund officer at the County Jail (or at any other correctional facility where Henderson may hereafter be confined) is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited

to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $350 filing fee is paid. Both the initial payment and all future payments shall clearly identify Henderson's name and the 14 C 3147 case number assigned to this action. To implement these requirements, the Clerk shall send a copy of this order to the County Jail trust fund officer.

                                                           Milton I. Shadur
                                                           Senior United States District Judge

Date: May 12, 2014