# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

TYWON HENDERSON.                )
                                )
        Plaintiff,          )
                                )   Case No. 14 C 3147
   v.                           )
                                )
COOK COUNTY, et al.,            )
                                )
        Defendants.         )

## MEMORANDUM ORDER

When Tyson Henderson ("Henderson") originally filed a 42 U.S.C. § 1983 ("Section 1983") Complaint pro se (using the "Clerk's-Office-Supplied Form of Complaint for that purpose), this Court promptly enlisted the services of a member of this District Court's trial bar to represent Henderson pro bono publico. That decision has served the litigants well, for it has focused the litigation in a manner that serves not only Henderson but his targeted defendants and this Court in a constructive way.

More particularly, Henderson's constitutionally-based grievance is now embodied in the Second Amended Complaint ("SAC") generated by his counsel, to which codefendants Cook County and its Sheriff Thomas Dart have responded with a motion to dismiss and to which Officer John McGee ("McGee"), who is charged with direct culpability for having failed to prevent Henderson's beating by fellow inmates, has filed his initial answer.

This Court's initial May 12, 2014 opinion that concluded by dealing with Henderson's obligations under 28 U.S.C. § 1915 began by stating in part that "Cook County is not an appropriate target of [Henderson's] claim, while Sheriff Dart's potential liability would depend

on Monell considerations." Both Cook County and Sheriff Dart have now advanced the same considerations in detail in their motion seeking their dismissal. Although this Court has entered and continued that motion from time to time in the anticipation that Henderson's counsel would see the light in that way when the case got into its discovery phase, that has regrettably not been the case. This opinion accordingly picks up on the issue to force Henderson and his counsel to confront it head on.

Although Carter v. Sheriff of LaSalle County, Ill., 324 F.3d 947, 948 (7th Cir.2003) has held that Cook County would be a necessary party if Sheriff Dart were to be held liable here in his official capacity, that holding simply renders Monell analysis essential to the County's presence in the action. And on that score it must be recognized that very fact highlights the futility of any pursuit down that path. After all, neither Cook County nor Sheriff Dart in his official capacity is vulnerable to the imposition of punitive damages (City of Newport v. Fact Concerts, Inc., 453 U.S. 247 (1981)), while the responsibility of Cook County as an indemnitor (more accurately, as a guarantor) of Officer McGee's potential liability for compensatory damages can readily be dealt with by a simple contractual arrangement that embodies the Illinois statutory provisions for respondeat superior liability in such situations.[1]

Accordingly Henderson's counsel are urged to give consideration as to what has been said here and, if they are persuaded, are directed to confer with the Assistant State's Attorney assigned to the case as to the drafting of an appropriate contractual arrangement. There is no reason to await the next status hearing in this action, which is not scheduled until February 15,

---

[1] Indeed, that has become the customary mode of handling, in cases on this Court's calendar, the parallel situation involving the City of Chicago and its police officers who are the targets of Section 1983 actions.

2

2015. This Court looks forward to as prompt a response from the litigants' counsel as may prove feasible.

						_____
						Milton I. Shadur
						United States District Judge

Dated: January 6, 2015